# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8720 | **DATE** | 1-9-2012 |
| **CASE TITLE** | Igdaliah Graham (#K-51854) vs. Yolande Johnson | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to proceed *in forma pauperis* [3] is granted. Respondent is ordered to answer or otherwise plead to the habeas petition by 2/6/2012. Petitioner's motion for appointment of counsel [4] is denied without prejudice as premature.

■ [**For further details see text below.**]                                                           Docketing to mail notices.

## STATEMENT

Petitioner Igdaliah Graham, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having shown that he is indigent, Graham's motion to proceed *in forma pauperis* is granted.

The petition maintains that Graham has exhausted state court remedies as to all claims raised in the petition, and it appears to have filed in a timely manner. Accordingly, Respondent is ordered to answer the petition or otherwise plead by February 6, 2012. This preliminary order to respond does not, of course, preclude the Warden from making whatever waiver, exhaustion, or timeliness arguments are available.

Graham is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Graham must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Graham must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Graham's motion for appointment of counsel is denied without prejudice as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider Respondent's response to the petition. Petitioner may re-file his motion for appointment of counsel after Respondent answers or otherwise pleads to the petition.